UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.                                    **DECISION AND ORDER**
                                                  07-CR-304S

CARL A. LARSON, ET AL.,

                        Defendants.

    1.    On December 29, 2008, the Honorable Hugh B. Scott, United States Magistrate Judge, filed two Orders granting in part and denying in part the omnibus motions filed by several defendants. (Docket Nos. 90 and 91.) Both the government and the defendants subsequently moved for reconsideration. On March 26, 2009, Judge Scott granted reconsideration in part and denied it in part. (Docket No. 108.)

    2.    On May 18, 2009, the government filed an appeal to this Court of certain portions of Judge Scott's reconsideration decision that were unfavorable to it. (Docket No. 115.) On May 19, 2009, all defendants filed joint objections to certain portions of Judge Scott's reconsideration decision. (Docket No. 116.) After full briefing, this Court heard oral argument on November 25, 2009, and took the appeal and objections under advisement at that time. (Docket No. 134.)

    3.    Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any pretrial matter pending before the court.[1] The magistrate judge's order on such a pretrial matter will be reconsidered by the district judge only when it has been established that it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A).

---

[1] Under this district's Local Rules, review of a magistrate judge's order is governed by 28 U.S.C. § 636(b)(1). See Local Rule of Criminal Procedure 58.2(a)(2).

4. Defendants are charged in an eight-count superseding indictment with one count of RICO conspiracy, one count of Hobbs Act extortion conspiracy, and six counts of attempted Hobbs Act extortion. (Docket No. 4.) Familiarity with the motions and proceedings below is presumed. Having considered Judge Scott's Orders, the parties' submissions, and the lengthy oral arguments, this Court will grant the government's appeal and deny Defendants' objections.

5. The government first appeals Judge Scott's determination that it must particularize and identify the jobs the defendants attempted to extort, specifically, which were for legitimate union purposes and which were not. This directive flows from Judge Scott's determination that, without particularization, the phrase "unwanted, unnecessary and superfluous labor" in the superseding indictment "does not furnish enough information to defendants to resist double jeopardy, avoid surprise, or prepare a defense for an accusation regarding any particular job (legitimate or not) or job site." (Docket No. 108, at p. 14.)

6. This Court disagrees. The allegations in the superseding indictment, coupled with the discovery provided by the government adequately put Defendants on notice of the charges against them. The detail provided by the government to date — as described by the government and as outlined in Defendants' charts — adequately allows the defendants to prepare for trial, avoid surprise, and resist double jeopardy.

7. Moreover, particularization is not required under United States v. Enmons. In Enmons, the United States Supreme Court held that unlawful acts during a labor strike aimed at a legitimate labor objective could not be prosecuted under the Hobbs Act. 410 U.S. 396, 401 (1973). Use of force to achieve an *illegitimate* labor objective, however, may

be prosecuted under the Hobbs Act. Id. at 408.  Thus, under Enmons, whether a Hobbs Act prosecution is permissible in the labor context turns on the motivation for the alleged unlawful acts.  Further particularization is not necessary here because the government alleges that all of the conduct charged in the superseding indictment was in furtherance of an illegitimate objective, thereby arguably taking this prosecution out of the Enmons context.  Thus, at least for purposes of the present issues before this Court, further particularization under Enmons to determine whether any of the charged conduct relates to legitimate labor objectives is not required or necessary.  Consequently, this portion of Judge Scott's Order is set aside as contrary to law and further particularization of "unwanted, unnecessary and superfluous labor" by the government is not required.  The government's appeal on this issue is granted.

8.      The government also appeals Judge Scott's determination that it identify the "others" alleged in the superseding indictment.  Judge Scott directed that the government provide a Bill of Particulars disclosing to Defendants the identities and descriptive or identifying information of the "others" referenced.  At oral argument, the government narrowed its objection to providing a Bill of Particulars listing descriptive or identifying information for the "others," such as height, weight, clothing, etc.  (Docket No. 137, Tr. at 70-75.)  To the extent that Judge Scott's Order requires such particularization in a Bill of Particulars, it is set aside.  The government's obligation is to provide discovery in the form of any witness statements, tapes, or photographs, that include descriptive or identifying information pertaining to the "others."  The government's appeal is granted.

9.      Defendants' joint objections contend that Judge Scott erred by not ordering the government to further particularize (1) the property subject to the attempted Hobbs Act

3

extortion, (2) the specific acts the defendants are alleged to have engaged in, and (3) the interstate commerce connection for the Hobbs Act charges. This Court has carefully reviewed Judge Scott's Order in light of Defendants' objections and finds that it is not clearly erroneous or contrary to law. This Court is not unsympathetic to Defendants' purported difficulty in preparing a defense, but the government is not legally obligated to produce all of the detail sought by Defendants, nor must it disclose evidentiary detail at this stage. See United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991). The government has set forth more in the superseding indictment than is required, and Defendants have been provided discovery materials that further elucidate the charges and allegations. The further detail Defendants' request would undoubtedly be helpful in defending this case, but the request exceeds the government's obligations and what is *necessary* to prepare a defense. Therefore, this Court concurs with Judge Scott and finds no basis to disturb his Order in this regard. Defendants' objections are therefore denied.

10.     Finally, Defendants object to Judge Scott's denial of their discovery request for third-party documents. This Court concurs with Judge Scott that Defendants' request for third-party documents is not authorized by Rule 16 of the Federal Rules of Criminal Procedure, and there has been no showing that any such documents either exist or are in the government's possession or control. Consequently, Defendants' objections in this regard are also denied.


IT HEREBY IS ORDERED, that the Government's Appeal (Docket No. 115) is GRANTED.

FURTHER, that Defendants' Joint Objections (Docket No. 116) are DENIED.

FURTHER, that Judge Scott's Order (Docket No. 108) is SET ASIDE in part and AFFIRMED in part, consistent with this Decision and Order.

FURTHER, that counsel shall appear before Judge Scott on February 5, 2010, at 10:00 a.m. to discuss the scheduling of Defendants' contemplated dispositive motions and any other issues Judge Scott deems appropriate. (Tr. at p. 89.)

FURTHER, that time is excluded pursuant to 18 U.S.C. § 3161(h)(7)(A) between January 25, 2010, and February 5, 2010, on the basis that further motions by defendants are contemplated, and, due to the number of defendants and varying availability of counsel, sufficient notice of the status conference is necessary to ensure adequate preparation and continuity of counsel. These interests outweigh the best interest of the public and the defendants in a speedy trial. Any objection to this exclusion must be filed by January 27, 2010, or will be deemed waived.

SO ORDERED.

Dated: January 25, 2010
        Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Judge