UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v. **DECISION AND ORDER**
07-CR-304S

CARL A. LARSON, ET AL.,

                Defendants.

Pending before this Court is the Motion of the American Federation of Labor and Congress of Industrial Unions and Building and Construction Trades Department, AFL-CIO, for Leave to File a Brief as *Amici Curiae* in Support of Defendants' Motion for Reconsideration (Docket No. 231), along with a proposed briefing schedule. The Government has not opposed this motion.

The AFL-CIO and the Building and Construction Trades Department ("BCTD") seek to file an *amicus curiae* brief touching on issues discussed in this Court's Decision and Order denying Defendants' motions to dismiss the indictment. (Docket No. 229.) *Amici* have not submitted their proposed brief in conjunction with their motion for leave to file the brief. Instead, *amici* state in their motion for leave that they plan, in their brief, to point to authority providing that the use of economic pressure by unions to secure agreements with employers under 29 U.S.C. § 158(f) is legitimate. Similarly, *amici* plan to cite legal authority holding that certain activities by unions to put economic pressure on employers are legitimate even where the unions do not have the majority support of the employees.

A district court has broad discretion to grant or deny an appearance as *amicus curiae*. United States v. Ahmed, 788 F.Supp. 196, 198 n.1 (S.D.N.Y. 1992), aff'd, 980 F.2d

1

161 (2d Cir. 1992). "'The usual rationale for *amicus curiae* submissions is that they are of aid to the court and offer insights not available from the parties.'" Onondaga Indian Nation v. New York, Case No. 97-CV-445, 1997 U.S. Dist. LEXIS 9168, at *7 (N.D.N.Y. June 25, 1997) (quoting United States v. El-Gabrowny, 844 F.Supp. 955, 957 n.1 (S.D.N.Y. 1994)). As stated by Judge Posner in Ryan v. Commodity Futures Trading Commission, 125 F.3d 1062 (7th Cir. 1997):

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the *amicus* to intervene and become a party in the present case), or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

Id. at 1063 (citations omitted); see also Warren v. United States, Case No. 06-CV-0226S, 2009 WL 1663991, *1 (W.D.N.Y. June 15, 2009).

This Court concludes the proposed submission by *amici* would not be helpful. First, the proposed *amicus* brief would be filed in support of a motion to reconsider. At this stage of the proceedings, the parties already have filed all of their principal briefs (and this Court permitted the parties to file extra papers in support of their positions, which produced several hundred pages of briefing). The submission of another brief at this late juncture would only add to the volume of paper on issues this Court has already considered and decided. See Fry v. Exelon Corp. Cash Balance Pension Plan, 576 F.3d 723, 724-25 (7th Cir. 2009) (opinion by Judge Easterbrook denying as untimely a proposed *amicus* brief in support of a petition for rehearing *en banc* to the Court of Appeals, because all of the

parties' principal briefs in the case already had been submitted and ruled upon); Long v. Coast Resorts, Inc., 49 F.Supp.2d 1177, 1178 (D. Nev. 1999) (denying as untimely a motion for leave to participate as *amicus curiae* seeking reconsideration of an order on motions for summary judgment).

Second, *amici* do not suggest, and there is no reason to suggest, that Defendants have been inadequately represented by their counsel in this matter. This Court considered multiple well-researched and thoughtful submissions by defense counsel in support of the motions to dismiss. Additionally, this Court heard well-presented oral argument on these issues. Participation by *amici* is not warranted on this ground. See McBeth v. Gabrielli Truck Sales, Ltd., 768 F.Supp.2d 392, 394 (E.D.N.Y. 2011).

Third, although this Court's ruling on Defendants' motions to dismiss might affect unions generally in terms of their perspective on what constitutes "legitimate" union conduct, there is no indication from *amici*'s motion that this Court's decision will affect *amici* in any other specific case. *Amici* have pointed to no particular stake they have in this case beyond their general goal of protecting union interests. Ryan, 125 F.3d at 1063.

Finally, *amici* have not proposed to present any unique information or perspective that would aid this Court in deciding Defendants' motion to reconsider. Rather, *amici* merely intend to explain or cite legal authority in support of Defendants' position. This is the job of defense counsel. Moreover, newly asserted legal issues are not properly raised in an *amicus* brief. Onondaga Indian Nation, 1997 U.S. Dist. LEXIS 9168, at **8-9.

For the foregoing reasons, the motion for leave to file an *amicus curiae* brief (Docket No. 31) is DENIED.

SO ORDERED.

Dated: September 18, 2011
       Buffalo, New York

                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                            Chief Judge
                                     United States District Court