UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                     Plaintiff,

   vs.

CARL A. LARSON,
MARK N. KIRSCH,
JEFFREY A. PETERSON,                          Case No. 07-CR-304S
GERALD E. BOVE,
MICHAEL J. CAGGIANO,
JEFFREY C. LENNON,
KENNETH EDBAUER,
GEORGE DEWALD,
MICHAEL J. EDDY and
THOMAS FREEDENBERG,

                     Defendants.

## JOINT DEFENSE SUBMISSION IN
## SUPPORT OF <u>ENMONS</u> INSTRUCTION
## AND RELATED THEORY OF DEFENSE

                                                    Respectfully submitted,

                                                    */s/ Joseph M. LaTona*

PAUL J. CAMBRIA, JR.                        JOSEPH M. LaTONA
TIMOTHY P. MURPHY, ESQ.
Lipsitz, Green, Scime, Cambria LLP         Attorney for Defendant,
Attorneys for Defendant,                         JEFFREY C. LENNON
  JEFFREY A. PETERSON                Office and Post Office Address
42 Delaware Avenue, Suite 120             716 Brisbane Building
Buffalo, New York 14202                      403 Main Street
(716) 849-1333                                   Buffalo, New York 14203
pcambria@lglaw.com                         (716) 842-0416
tmurphy@lglaw.com                          sandyw@tomburton.com

RODNEY O. PERSONIUS, ESQ.
BRIAN M. MELBER, ESQ.
Personius Melber LLP
Attorneys for Defendant
  MARK N. KIRSCH
2100 Main Place Tower
Buffalo, New York  14202
(716) 855-1050
bmm@personiusmelber.com
rop@personiusmelber.com

THOMAS J. EOANNOU, ESQ.
Eoannou, Lana & D'Amico
Attorneys for Defendant,
  CARL A. LARSON
484 Delaware Avenue
Buffalo, New York  14202
(716) 885-2889
thomaseoannou@lawoffice484.com

MARK J. MAHONEY, ESQ.
Harrington & Mahoney
Attorneys for Defendant,
  GERALD E. BOVE
70 Niagara Square
Buffalo, New York  14202
(716) 853-3700
mmahoney@harringtonmahoney.com

MICHAEL G. O'ROURKE, ESQ.
Attorney for Defendant,
  MICHAEL J. CAGGIANO
227 Niagara Street
Buffalo, New York  14201
(716) 842-2558
lawoffice112@hotmail.com

KEVIN W. SPITLER, ESQ.
Attorney for Defendant,
  KENNETH EDBAUER
181 Franklin Street, Suite 300
Buffalo, New York  14202
(716) 849-7102
kws@kevinwspitler.com

JOEL L. DANIELS, ESQ.
Attorney for Defendant,
  THOMAS FREEDENBERG
42 Delaware Avenue, Suite 700
Buffalo, New York  14202
(716) 856-5140
jdaniels38@aol.com

DANIEL J. HENRY, ESQ.
Villarini & Henry, LLP
Attorneys for Defendant,
  THOMAS FREEDENBERG
16 Main Street
Hamburg, New York  14075
(716) 648-0510
dhenry@villariniandhenry.com

# PRELIMINARY STATEMENT

In <u>United States v. Mulder</u>, 273 F.3d 91 (2001), the Second Circuit held that the defendants were entitled to have the jury instructed concerning the <u>Enmons</u> exception to the Hobbs Act. <u>See</u>, <u>United States v. Enmons</u>, 410 U.S. 396, 93 S.Ct. 1007 (1973).

This holding was entirely consistent with the longstanding legal principle that a defendant is entitled to a "theory of the defense" instruction. <u>United States v. Crowley</u>, 236 F.3d 104, 111 (2d Cir. 2000); <u>United States v. Bok</u>, 156 F.3d 157, 163 (2d Cir. 1998); <u>United States v. Abcasis</u>, 45 F.3d 39, 42 (2d Cir. 1995); <u>United States v. Dove</u>, 916 F.2d 41, 45 (2d Cir. 1990); <u>United States v. Tonawanda Coke Corp.</u>, 2013 U.S. Lexis 25398, *13 (W.D.N.Y. 2013), citing <u>United States v. Hurtado</u>, 47 F.3d 577, 584 (2d Cir. 1995) ("A defense theory must be charged as long as it has some foundation in the proof, no matter how tenuous that defense may appear to the trial court.") and <u>United States v. Johnson</u>, 994 F.2d 980, 988 (2d Cir. 1993) ("A criminal defendant is entitled to a jury charge that reflects any defense theory for which there is a foundation in the evidence.").

<u>Mulder</u>'s holding has never been overturned either by the Supreme Court or the Second Circuit sitting *en banc*, and consequently is binding in this case. <u>United States v. King</u>, 276 F.3d 109, 112 (2d Cir. 2002).

# DISCUSSION

Due consideration of the egregiously outrageous conduct perpetrated by the defendants in <u>Mulder</u> virtually compels the conclusion that the <u>Enmons</u> instruction is appropriate in this case.

The Mulder case involved a labor coalition whose ostensible legitimate purpose was to persuade contractors to hire more minority workers. 273 F.3d at 98. The trial evidence established that none of the contractors who were approached by the defendants ever discriminated against minorities. Moreover, the trial evidence demonstrated that there was no increase in minority workers as a result of the defendants' activities. 273 F.3d at 98.

In addition, the trial evidence established that the defendants received kickbacks from those laborers who they placed for employment. Moreover, the trial evidence indicated that the defendants obtained "no show jobs" as "coalition coordinators" for themselves. The trial evidence demonstrated that the only function of the "coalition coordinators" was to fend off other rival coalitions who sought jobs at various construction sites. 273 F.3d at 98-99. In fact, the trial evidence disclosed that, during the conspiracy, defendant Eric Mulder actually killed a member of a rival coalition. Id. Furthermore, the evidence established that certain of the defendants, in furtherance of the conspiracy, worked with members of the Gambino organized crime family "to protect their mutual interests." 273 F.3d at 99. Indeed, the Second Circuit rejected an evidentiary challenge to various co-conspirator declarations based upon the trial evidence which established that a conspiracy existed between some of the defendants and members of the Gambino crime family. 273 F.3d at 102-104.

Despite the trial record as outlined above, the Court delivered an instruction pursuant to Enmons. In pertinent part, the trial court instructed the jury as follows:

> The Hobbs Act, which describes the crime of extortion, does not apply to labor disputes in which workers seek to obtain lawful and legitimate labor objectives . . . .
>
> This exception does not imply that violence is lawful or proper in general. Obviously, it is not. Therefore, the labor exception to the Hobbs Act does not apply to efforts to

2

> obtain jobs from contractors whom the defendants reasonably believed did not discriminate or violate employment laws, or to efforts to obtain money or wages for unwanted or superfluous employees[,] no-show jobs[,] or contracts, or other valuable consideration. . . . .
>
> The government has the burden of proving beyond a reasonable doubt that the labor exception does not apply. 273 F.3d at 104-105.

At trial, the defense requested that the Court also instruct the jury as follows:

> Acts of violence are prohibited by other laws. Whether or not such laws have been violated here, however, is irrelevant to the issue that you have to consider. The issue here is whether the defendants have violated this specific statute -- the Hobbs Act.
>
> A labor dispute, within the labor exception to the Hobbs Act, is a dispute between an employer and an individual employee, a group of employees, a representative of employees <u>or any group of individuals seeking legitimate employment with an employer</u>. The dispute need not involve representatives of recognized labor unions nor need it involve claims of contract violations by the employer. It can include good faith attempts to obtain jobs for minorities from contractors or subcontractors. 273 F.3d at 105 (*emphasis added*).

In resolving the issue on appeal, the Second Circuit stated as follows:

> <u>Defendants' proposed language is legally correct and may have helped the jury better understand the counter-intuitive proposition that the use of violence in a labor dispute does not violate the Hobbs Act</u>. However, the Court's charge also was correct. 273 F.3d at 105 (*emphasis added*).

The defense submits that this Court should pursue the "better" course by incorporating the defense requests to charge in <u>Mulder</u> with the actual charge delivered by the Court in that case.

Ironically, the prosecution cites the Mulder case on matters other than the Enmons exception in support of its own requested jury instructions [Docket No. 376; Proposed Instructions numbered 2, 30, 33 and 48].

In Enmons, the Supreme Court noted as follows:

> The legislative framework of the Hobbs Act dispels any ambiguity in the wording of the statute and makes it clear that the Act does not apply to the use of force to achieve legitimate labor ends. 410 U.S. 396, 401, 93 S.Ct. 1007, 1010 (1973).

**CONCLUSION**

The Court should instruct the jury on the Enmons exception to the Hobbs Act and should also permit the jury to consider a theory of defense premised upon this well-settled principle.

DATED: December 12, 2013
Buffalo, New York          Respectfully submitted,

|  |  |
|---|---|
| | */s/ Joseph M. LaTona* |
| PAUL J. CAMBRIA, JR. | JOSEPH M. LaTONA |
| TIMOTHY P. MURPHY, ESQ. | |
| Lipsitz, Green, Scime, Cambria LLP | Attorney for Defendant, |
| Attorneys for Defendant, |   JEFFREY C. LENNON |
|   JEFFREY A. PETERSON | Office and Post Office Address |
| 42 Delaware Avenue, Suite 120 | 716 Brisbane Building |
| Buffalo, New York 14202 | 403 Main Street |
| (716) 849-1333 | Buffalo, New York 14203 |
| pcambria@lglaw.com | (716) 842-0416 |
| tmurphy@lglaw.com | sandyw@tomburton.com |

*AND JOINTLY ON BEHALF
OF ALL DEFENDANTS HEREIN*

<h1 style="text-align:center">CERTIFICATE OF SERVICE</h1>

I hereby certify that on December 12, 2013 I electronically filed the Joint Defense Submission in Support of <u>Enmons</u> Instruction and Related Theory of Defense with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

**Anthony M. Bruce, Esq.**
**Edward H. White, Esq.**
**Assistant United States Attorneys**

**Robert S. Tully, Esq.**
**Trial Attorney, United States Department of Justice**

**Defense Counsel**

I further hereby certify that I have mailed by the United States Postal Service said document to the following non-CM/ECF participants:


*/s/ Sandra Lee Wright*
SANDRA LEE WRIGHT